IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Orly Genger,<br><br>                Debtor. | Case No. 19-mc-459<br><br>Underlying Case No. from U.S. Bankruptcy Court for the Western District of Texas: 19-bk-10926-TMD |

**MEMORANDUM OF LAW IN SUPPORT OF
NON-PARTY CREDITOR KBT'S MOTION TO QUASH SUBPOENA**

Kasowitz Benson Torres LLP ("KBT"), a creditor in the bankruptcy proceeding pending in the Western District of Texas captioned *In re Orly Genger*, Case No. 19-bk-10926-TMD, brings this miscellaneous proceeding to quash a subpoena, dated September 27, 2019 (the "KBT Subpoena," copy attached hereto as Ex. A) issued by Sagi Genger ("Sagi"), and respectfully states as follows:

1.      In the underlying Chapter 7 bankruptcy, initiated by the filing of a voluntary petition on July 12, 2019, Sagi issued the KBT Subpoena seeking a representative of the law firm to appear for a deposition in New York on October 11, 2019.  At no time did Sagi make any efforts to discuss a reasonable time and place for this deposition or make any effort to accommodate KBT or the other interested parties in this bankruptcy, including the debtor and numerous other creditors, in order to find a mutually agreeable time and location for the deposition.  In addition, the KBT Subpoena is grossly overbroad and unduly burdensome.  It requires KBT to designate one or more spokespersons to address "The Subject Matters Addressed in the Attached Motion to Dismiss and authentication of the exhibits cited therein." Ex. A, at p. 1 (under heading "Testimony").  The attached 27-page motion covers a sprawling range of matters and multiple other lawsuits involving the debtor and Sagi and 35 exhibits, a

number of which are entire deposition transcripts that, again, cover a wide range of topics. One of the exhibits, moreover, is the entire deposition testimony of KBT taken in 2018 by Sagi. *See* KBT Subp. at p. 9, Ex. M.

2. KBT requests that the KBT Subpoena be quashed in its entirety on the ground that it is so overly broad and unreasonably burdensome that it fails to comply with the requirements of the applicable federal procedural rules. The subpoena should also be quashed because Sagi's counsel failed to comply with local rules requiring good faith efforts to confer with all interested parties to designate a mutually-agreeable time and location for the deposition.

## ARGUMENT

3. Rule 45 and Rule 30(b)(6) of the Federal Rules of Civil Procedure (incorporated by Rule 9014(c) and Rule 9016 of the Federal Rules of Bankruptcy Procedure) provide that, "in its notice or subpoena" to a "corporation, partnership or association," the requesting party (here, Sagi) "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The KBT Subpoena, on its face, fails to comply with this basic requirement. It does not specify any particular topics for examination and certainly none "with reasonable particularity," as required. *See Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (quashing subpoena for failure to specify topics with sufficient particularity). *See also BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-cv-10067, 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017) ("An overly broad Rule 30(b)(6) subpoena notice subjects the noticed party to an impossible task, because, where it is not possible to identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.").

4. While attaching a document to a subpoena may satisfy this requirement in cases where the document is the topic (*e.g.*, when the entity to be deposed created or issued the attached document), that is not this case. Here, the document is a wide-ranging screed, some of which at least facially pertains to KBT and the bulk of which does not. In all events, the burden is on the party issuing the subpoena to make it "reasonably" clear what the topics are; it should not be left up to guesswork by the subpoenaed party, as Sagi did here. This lack of clarity is worse in this case since KBT was deposed by Sagi just last year, in October 2018, and the attachment to the KBT Subpoena refers to that prior deposition, suggesting that it is included within the scope of the subpoena. The KBT Subpoena is thus either wholly repetitive and, therefore, unduly burdensome and prohibited under the rules, *see* Fed. R. Civ. P. 45(d)(1), or Sagi is required at a minimum to delineate what additional nonrepetitive topics are on the table.

4. In addition to this fundamental error and violation of the applicable rules, Sagi's counsel undertook no good faith effort to meet and confer with KBT or any of the other interested parties in the bankruptcy to select a mutually convenient date (or at minimum the least inconvenient date) and location for this deposition. In modern practice, both before this Court and the Texas court, this is common courtesy and best practices, and, for many courts, it is mandatory. Sagi's failure to accord his fellow law practitioners this basic professional courtesy is an additional reason to quash the KBT Subpoena as it stands.

5. Finally, under the federal rules, this Court may transfer this motion to quash to be decided by the issuing Court (in this case, the U.S. Bankruptcy Court for the Western District of Texas) if KBT consents or if this Court finds "exceptional circumstances." Fed. R. Civ. P. 45(f). Here, KBT consents to the transfer and there are also exceptional circumstances. First, the subject of the subpoena at issue is in aid of and involves a motion to dismiss the Texas

bankruptcy (which is attached to the KBT Subpoena), which motion is pending a full hearing in that "issuing" court.  Second, Sagi has issued numerous subpoenas in that Texas proceeding, many of which are subject to pending motions to quash or for a protective order, which motions are also pending before the issuing court.

## CONCLUSION

WHEREFORE, KBT's motion to quash the KBT Subpoena should be granted in its entirety.

Dated:  New York, New York
October 10, 2019

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: */s/ Michael Paul Bowen*
  Michael Paul Bowen
  Andrew R. Kurland
  1633 Broadway
  New York, New York  10019
  mbowen@kasowitz.com
  Tel.: 212-506-1700
  Fax: 212-506-1800

*Counsel for non-party*
*Kasowitz Benson Torres LLP*

4

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served by email on the counsel for the issuing party, listed below.

<em>/s/ Michael Paul Bowen</em>

John Dellaportas
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Email:  JDellaportas@EMMETMARVIN.COM

*Counsel for Sagi Genger*